ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
DEC 15 2005
U.S. COURT OF FEDERAL CLAIMS

**ROBIN C. BROOKINS**
**165 Weatherington Road**
**Jacksonville, North Carolina 28546**

**Plaintiff,**

**v.** : **Case No.:** 05-1311C

**THE UNITED STATES OF AMERICA**

**and**

**GORDON R. ENGLAND in his**
**Official Capacity as**
**Secretary of the Navy**
**1000 Navy Pentagon**
**Washington, D.C. 20350-1000**

**Serve:**
**United States Attorney for**
**the District of Columbia**
**555 4th Street, N.W.**
**Washington, D.C. 20001**

**and**

**Attorney General of**
**the United States Department of Justice**
**10th & Constitution Ave., N.W.**
**Washington, D.C. 20530**

**Defendants.**

## COMPLAINT

Plaintiff, **ROBIN C. BROOKINS** ("Plaintiff"), by and through her undersigned counsel, Glassman & Bullock and Stephen C. Glassman, files this Complaint against the **UNITED STATES** and the **SECRETARY OF THE NAVY** ("SECNAV") for the reasons set forth below:

## I.

## Jurisdiction and Venue

1. This Court has jurisdiction pursuant to Titles 28 USCS § 1491 and 5 USCS § 701.

## II.

## Parties

2. Plaintiff is a citizen of the Untied States and a resident of the State of North Carolina. She is a Colonel in the United States Marine Corps Reserve, having accepted a commission as a 2dLT in the United States Marine Corps Reserve on December 10, 1976. She was promoted to Captain on October 5, 1981 and to Major on October 1, 1991. She was promoted again in 1997 to the rank of LTCOL and finally to Colonel in 2003. Presently, she serves in the IRR. Since she is unable to perform drills, AT or ADSW she satisfies point requirements through correspondence course work to the extent that she is able to do so.

3. The Defendant SECNAV is the Secretary of the Department of the Navy, and, as such, is charged with implementing and carrying out the provisions of Title 10 U.S.C. § 12686 and Title 10 U.S.C. §1552. The Department of the Navy is a Department within the Department of Defense, a secretariat of the United States government and a department of the executive branch of the United States government. The United States is an appropriate party since relief sought hereinafter in part is against the United States.

## III.

## Factual and Legal Allegations

4. Plaintiff was serving as the officer in charge of a consolidated tax center when her request for further Active Duty for Special Work ("ADSW") orders until May 26,

2000 was denied because she was approaching 18 years of active duty and would be eligible to claim sanctuary under the provisions of Title 10 U.S.C. § 12686. This provision of law demands that a reserve officer with 18 years of active duty cannot be involuntarily released from active duty until the reservist is qualified for retirement.

5. Plaintiff's command made a strong request to Head Quarters Marine Corps ("HQMC") that orders be issued since Plaintiff was the only person available and qualified to provide assistance to 142,000 active duty personnel, their families and a large retirement community in the preparation of their tax returns for the tax season of the year 2000.

6. Plaintiff accepted orders which had sanctuary waiver language in it. On March 3, 2000 Plaintiff accepted orders for active duty covering the period February 28, 2000 to May 26, 2000. The Orders which were issued by the Commanding General of the Reserve Command in Kansas City, MO, contained the following provision:

> I voluntarily accept these orders to active duty for special work. In doing so, I understand that I may become eligible for sanctuary zone protection under Title 10, United States Code, Section 12686(A). As a condition to acceptance of these orders, however, pursuant to section 12686 (B), I hereby waive the applicability of Section 12686(A) to the period of active duty covered by these orders. I understand that the effect of this waiver is to remove any sanctuary zone protection that might have otherwise applied as a result of the execution of these orders.

7. Title 10 U.S.C. §12686(b) provides as follows:

> (b) Waiver
>
> With respect to a member of a reserve component who is to be ordered to active duty (other than for training) under section 12301 of this title pursuant to an order to active duty that specifies a period of less than 180 cays and who (but for this subsection) would be covered by subsection (a), **the Secretary concerned may require**, as a condition of such order to active duty, that the member waive the applicability covered by that order. In carrying out this subsection, the Secretary concerned

> may require that a waiver under the preceding sentence be executed before the period of active duty begins. (Emphasis added.)

8. The SECNAV at all times pertinent did not waive the sanctuary provision pursuant to Title 10 U.S.C. § 12686(b) as it pertains to the Plaintiff. Further, SECNAV has not authorized the Marine Corps to waive sanctuary protection. See Exhibits A and B attached hereto and made a part hereof which constitute two opinions of the Board for Correction of Naval Records ("BCNR") determining that the Marine Corps has not been authorized by SECNAV to waive sanctuary protection. It should be noted that in Exhibit A, the action of the BCNR in holding that the petitioner in that case did not waive sanctuary protection was approved by the then Assistant General Counsel for Manpower and Reserve Affairs, Joseph G. Lynch ("Mr. Lynch"), acting on behalf of SECNAV.

9. On May 26, 2000, Plaintiff was released from active duty, having completed 18 years, 3 months and 21 days of active duty during her career.

10. She applied to the BCNR established pursuant to 10 U.S.C. §1552 for relief; to wit, correction of Plaintiff's record to show she was not released from active duty on May 26, 2000, but continued to serve until the date she first would have become eligible for a twenty year retirement.

11. Consistent with the BCNR's ruling in Exhibit A of May 22, 2002, and its prior ruling of January 28, 2002, Exhibit B, on September 12, 2002, the BCNR ruled that Plaintiff was entitled to relief because SECNAV never delegated his authority to waive sanctuary under Title 10 U.S.C. §12686(b) and never delegated the authority to waive sanctuary to HQMC. See Exhibit C which is a copy of the decision of the BCNR in Plaintiff's case.

12. On October 23, 2002, Mr. Lynch, on behalf of the SECNAV, reviewed the decision of the BCNR in the present case, overturned the BCNR's decision and denied the Plaintiff relief. See Exhibit D which is Mr. Lynch's decision reversing the BCNR. It should be noted that on September 6, 2002, forty-seven (47) days prior to his decision in Plaintiff's case, Mr. Lynch sustained the BCNR's decision in a similar case where the BCNR had granted relief to the petitioner. See Exhibit A which was decided on the identical grounds to those asserted by the Plaintiff but with an opposite result.

13. Upon receiving the adverse decision by Mr. Lynch, and after having been advised that Mr. Lynch conducted an "independent review" of Plaintiff's case, Plaintiff sought a copy of the independent review materials considered by Mr. Lynch. See Exhibit E which is Plaintiff's Freedom of Information Act request for such materials. By letter dated January 15, 2003, the BCNR advised Plaintiff that there were no additional materials and that Mr. Lynch decided Plaintiff's case on the Report of Proceedings issued by the BCNR. Exhibit F. Therefore, Mr. Lynch reversed the BCNR without articulating any reason and without going outside the Report of Proceedings where the BCNR had granted relief.

14. On June 20, 2003, Plaintiff wrote directly to Mr. Lynch requesting that he provide the rationale for his decision. See Exhibit G.

15. On July 10, 2003, Mr. Lynch's successor, Robert T. Cali ("Mr. Cali") responded to Plaintiff's letter of June 20, 2003. Exhibit H. In so doing Mr. Cali merely forwarded a copy of Mr. Lynch's original decision. Exhibit D.

16. Plaintiff responded by requesting that Mr. Cali reconsider her case and Mr. Lynch's decision. See Plaintiff's letter of August 15, 2003 attached hereto as Exhibit I.

17. Mr. Cali responded to Plaintiff's request by denying it on October 7, 2003. See Mr. Cali's letter of that date as Exhibit J.

18. The actions of the SECNAV in reversing the BCNR in the present case while sustaining other similar cases and in failing to provide an opinion articulating the basis for his inconsistent decision was arbitrary, capricious and a violation of federal law.

## III.

## COUNT I

**Violation of 10 U.S.C. Section 12686(b).**

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

20. SECNAV violated the provisions 10 U.S.C. Section 12686(b) as alleged.

## COUNT II

**Declaratory Judgment Pursuant to 28 U.S.C. § 2201**

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

22. This cause of action is brought pursuant to the 28 U.S.C. § 2201 which provides that in the case of an actual controversy within the jurisdiction of this Court, the Court may declare the rights and other legal relations of any interested party seeking a declaration whether or not further relief is or could be sought.

23. Plaintiff is entitled to have this Court declare as illegal and a violation of law the decision of the SECNAV reversing the decision of the BCNR that she had a right as a matter of law to claim sanctuary pursuant to 10 U.S.C. § 12686.

24. Plaintiff is entitled to have this Court declare that Plaintiff is entitled to return to active duty and continue to serve until the date she first would have become eligible for a twenty year retirement or, in the alternative, that Plaintiff be deemed to have so served.

**COUNT III**

**Mandamus**

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

26. This Court has the authority to order a government official to perform a duty owed to the Plaintiff.

27. The SECNAV has a duty to return Plaintiff to active duty so that she can continue to serve to the date she will become eligible for a twenty year retirement or to correct the Plaintiff's record to reflect that she has so served; in which case Plaintiff would be entitled to pay and allowances for such additional service.

WHEREFORE, Plaintiff requests that this Court order as follows:

A. The Secretary of the Navy return the Plaintiff to active duty with active duty orders which would cause her to remain on active duty for such period as would be necessary for her to become eligible for a twenty year retirement; or alternatively,

B. Order the Secretary of the Navy to correct the records of the Plaintiff to reflect that she has served on active duty for a period of twenty years such that she is eligible for a twenty year retirement;

C. Order the Secretary of the Navy to pay to the Plaintiff pay and allowances due to her for the period of service she serves or is deemed to have served in order for her to become eligible for a twenty year retirement;

D. Order the United States to reimburse the Plaintiff attorneys fees and costs pursuant to Title 5 USCS § 5101 or such other authority which authorizes such an award in this case; and

E. Grant such other and further relief as to the Court is just.

Respectfully submitted,

GLASSMAN & BULLOCK

Stephen C. Glassman, Esquire
1950 Old Gallows Road, Suite 700
Vienna, VA 22182
(301) 670-9200

Counsel for Plaintiff

**ROBIN C. BROOKINS, Plaintiff**

**DATE: December 2, 2005**

# INSTRUCTION SHEET FOR THE PREPARATION OF A COMPLAINT

1. Caption should look like this:

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YOUR NAME

v.

No.________________

THE UNITED STATES

COMPLAINT

2. The original plus 7 copies; typewritten on letter size paper with page numbers appearing in the bottom center margin of the page; bound on the left; duplication by any modern photocopy method; each copy of the complaint must be complete in itself, i.e., if attachments are utilized then the original and all the copies must contain the attachments.

3. The complaint should include allegations as to the court's jurisdiction and citation to the underlying statue or regulation that mandates the payment of money. If it is for the refund of federal taxes already paid, a social security number should be provided.

4. The facts upon which claims are based must be set forth in concise form in numbered paragraphs. The concluding or "Wherefore" paragraph should set forth demand for judgment against The United States in X number of dollars.

5. The original complaint must contain your signature, name, address, telephone number, facsimile number, and date of signing. Enclose a check in the sum of $250.00 payable to "Clerk, U.S. Court of Federal Claims" in payment of the filing fee. If one desires to file without payment of this fee, then the appropriate *in forma pauperis* affidavit, making such a request, must accompany the complaint.

6. Mail the original plus 7 copies and the filing fee to:

Clerk, U.S. Court of Federal Claims
717 Madison Place, NW, Room 103
Washington, DC 20005

7. Service on the United States will be made by the Clerk, and your receipt for the filing fee or the notice of allowance of the *in forma pauperis* request will show the file date and docket number. Subject to prior action by the court, the United States has 60 days from the file date to answer or otherwise respond to the complaint.

s/ Brian Bishop
Brian Bishop, Clerk of Court
U.S. Court of Federal Claims

April 4, 2005