# In the United States Court of Federal Claims

* * * * * * * * * * * * * * *
**ROBIN C. BROOKINS,** *

**Plaintiff,** *
**v.** *
**No. 05-1311C**
**UNITED STATES,** * **Filed: February 9, 2006**

**Defendant.** *
* * * * * * * * * * * * * * *

## O R D E R

The court is in receipt of the defendant's February 9, 2006 motion for an enlargement of time of forty-five days, to and including March 30, 2006, within which to file its response to the complaint. Defendant's counsel represents that she has attempted, without success, to contact plaintiff's counsel. The court normally requires that an input on enlargement motions be obtained from opposing counsel, and reflected in the enlargement motion itself, however, in this case part of the reason for the requested enlargement is the absence of exhibits to the complaint. Though the complaint cites to Exhibits A - J, apparently neither the clerk's office, nor chambers, nor the defendant is in possession of any such exhibits. On or before **Thursday, February 16, 2006**, plaintiff shall file an original and two copies of Exhibits A - J with the clerk's office, and also shall ensure that defendant is in receipt of the same exhibits to facilitate defendant's response to the complaint. Furthermore, as requested by the defendant, the court **GRANTS** defendant's motion, and **ORDERS** defendant to file its response to the complaint on or before **Thursday, March 30, 2006**.

Neither party shall file a motion for judgment upon the administrative record, or any other dispositive motion, without first notifying the court of the party's intention, at which point the court will schedule a status conference to discuss the proposed motion.

**IT IS SO ORDERED.**

**s/Marian Blank Horn**
**MARIAN BLANK HORN**
**Judge**