**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROBIN C. BROOKINS**<br>**Plaintiff,** | :<br>: | |
| | : | |
| **v.** | :<br>: | **Case No.: 05-1311C**<br>**(Judge Horn)** |
| **THE UNITED STATES OF AMERICA, et al.**<br>**Defendants** | :<br>: | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME**

Plaintiff respectfully opposes Defendant's Motion for an Enlargement of time and as reasons therefore states as follows:

The essence of Plaintiff's Complaint is that the Secretary of the Navy wrongfully released the Plaintiff from active duty prior to her reaching retirement eligibility with twenty years of active duty service. Further, Plaintiff asserts that the Secretary did not waive the sanctuary provision pursuant to Title 10 U.S.C. § 12686(b) as it pertains to the Plaintiff, and that as result she is entitled to remain on active duty or be credited with having done so, so that she is able to retire with twenty years of active duty service.

Plaintiff is in the precarious position that as a reservist she is not being permitted to drill and each year must meet qualification by taking correspondence courses. She is prepared to do this until this Court resolves this case, which has strong administrative decisions for disposition favorable to the Plaintiff. However, the Plaintiff has received notice in the form of a letter from the Commandant of the Marine Corps dated 19 January 2005 (Exhibit A), wherein she is advised that pursuant to 10 U.S.C. §§ 14507 and 14513, because the Plaintiff is coming up on thirty years of service as a reservist, she must submit her letter requesting retirement by August 1, 2006 or she will be involuntarily

discharged on 1 January 2007. If Plaintiff submits her request for retirement she will be retired as a reservist without twenty years of active duty service for retirement purposes. If she does nothing, she will be discharged and will not even get her reserve retirement. In either case, there is grave concern that if this case is not resolved by August 1, 2006, the matter will be rendered moot because Plaintiff will have submitted her letter for retirement. Therefore, it is essential that this case be expedited so a decision can be rendered by August 1, 2006 or this Court must enjoin the Defendant from releasing the Plaintiff until the case is fully resolved.

If the Court does not enter such an injunction then it should create an expedited hearing schedule which, of necessity, will require that it deny the government's request for additional time to respond to the Complaint.

In opposing the Motion for an Enlargement of Time, undersigned counsel, as a former government attorney, and as a private practitioner recognizes the somewhat pendulous manner in which the government operates and its need for extra time in many, if not most cases. However, the present case presents necessitous circumstances which require the government to act immediately. The facts of this case do not appear to be disputed. Therefore, the issue is whether the Secretary committed an error of law or was arbitrary and capricious in overturning the decision of the Secretary's Board for Correction of Naval Records in this case. This does not require complex staffing by the Department of the Navy.

WHEREFORE, Defendant's Motion for an Enlargement of Time should be denied.

Respectfully submitted,

**Glassman & Bullock**

**/s/**

Stephen C. Glassman
1950 Old Gallows Road, Suite 700
Vienna, VA 22812
Telephone: 301-670-9200
Facsimile: 703-902-9501
Counsel for Plaintiff

**April 17, 2006**

## CERTIFICATE OF FILING

I hereby certify that on the 17th day of April 2006, a copy of the foregoing "Opposition to Defendant's Motion for Enlargement of Time" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

/s/ Stephen C. Glassman