IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBIN C. BROOKINS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 05-1311C<br>(Judge Horn) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Defendant respectfully replies to plaintiff's opposition to defendant's motion for an enlargement of time of 45 calendar days, to and including May 15, 2006, within which to file its response to plaintiff's complaint in this case.

As we explained in our motion for an enlargement of time, the additional time is necessary in which to receive all documents relevant to this case from the agency involved, the Department of the Navy. Although undersigned counsel for defendant has received most, if not all, of the documents pertinent to this case, the Navy is concluding its search for relevant documents, and expects to provide any additional documents to counsel for defendant within the next few days. Moreover, as we also explained in our motion, undersigned counsel for defendant was out of the office from April 7 -14, 2006.

Because this action is a military pay case, defendant intends to file a dispositive motion in response to the complaint, pursuant to Rule 56.1 of the rules of this Court. The dispositive motion will be based upon the administrative record,

and will aid the Court in expeditiously resolving this case, should the Court determine that it is necessary to do so. Defendant intends to comply with the Court's decision in this case, regardless whether plaintiff submits her reserve retirement papers by August 1, 2006. Defendant notes, however, that the Court is not empowered to enjoin defendant from releasing plaintiff until the case is fully resolved, as suggested by plaintiff in her opposition to our motion. 28 U.S.C. § 1491.

For the first time, in her opposition to our motion, plaintiff informs the Court and defendant that she believes that this case must be resolved on or before August 1, 2006. Thus, states plaintiff, "the case presents necessitous circumstances which require the government to act immediately." Plaintiff's Opposition at 2. Curiously, plaintiff waited 18 calendar days after the electronic filing of our motion for an enlargement of time to make this claim.

Due to plaintiff's delay of almost three weeks in responding to our motion, there are only a few weeks left of the requested time remaining. Thus, the additional time sought in our motion for an enlargement of time, to and including May 15, 2006, will not unnecessarily or unfairly delay the outcome of this case.

For the reasons set forth in our motion for an enlargement of time, and in this reply, we respectfully request that the Court grant our motion for enlargement of time within which to

respond to plaintiff's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

APRIL 20, 2006

**CERTIFICATE OF FILING**

I hereby certify that on the 20th day of APRIL, 2006, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lauren S. Moore