IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBIN C. BROOKINS, Plaintiff, | ) | |
| v. | ) | No. 05-1311C (Judge Horn) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S STATEMENT OF FACTS

Pursuant to Rule 56.1(b)(1) of the Rules of this Court, defendant submits the following statement of facts in support of its motion for judgment upon the administrative record.

1. Plaintiff, Robin Brookins, joined the United States Marine Corps Reserve on December 10, 1976, as a Second Lieutenant. Compl. ¶ 2; AR 16.[1]

2. Ms. Brookins was promoted to Captain on October 5, 1981, and to Major on October 1, 1991. Id. She became a Lt. Col. in 1997, and was promoted to the rank of Colonel in 2003. Id. Ms. Brookins presently serves in the Individual Ready Reserves. Id.

3. Ms. Brookins was serving as the officer in charge of a consolidated tax center at Camp Legeune, North Carolina, when her request for further Active Duty for Special Work ("ADSW") orders, until May 26, 2000, was denied because she was approaching 18

[1] "Compl. ___" refers to plaintiff's complaint, filed with this Court on December 15, 2005. "AR ___" refers to the Administrative Record, filed concurrently with our Motion to Dismiss, Or, In The Alternative, Motion for Judgment Upon the Administrative Record.

years of active duty and would be eligible to claim sanctuary under the provisions of Title 10 United States Code section 12686. AR 9.

4. Ms. Brookins's command made a request to Headquarters Marine Corps that orders be issued to allow Ms. Brookins to serve at the tax center "since no one else was available and qualified for this duty given the fact that the tax season had already begun. It was further noted that the base was responsible for tax preparation for 142,000 active duty personnel, their families, and a large retirement community." AR 10; 26.

5. "After discussion, Ms. Brookins verbally agreed to waive sanctuary as she had done in the past, and accepted orders that contained that waiver." Id.; AR 32; Compl. ¶ 6.

6. Ms. Brookins sent an electronic mail message to Lt. Col. Feltham, confirming her willingness to accept the orders containing the sanctuary waiver language:

> * * * I have been faithfully signing the waivers for many sets of ADSW and I have absolutely no problem with continuing to sign them. I have been 'faithfully' signing the waiver with the understanding I could continue until service limitation (I understand it to be 28 years of commissioned [service] as a Lt. Col. and possibly longer if I were fortunate enough to be promoted.) I am very much aware that I will not receive retirement until age 60 (if Congress doesn't change that along the way).

AR 26.

7. On March 3, 2000 Ms. Brookins accepted orders for active duty covering a period of 89 calendar days, from February 28, 2000 until May 26, 2000. AR 22-24; Compl. ¶ 6. The orders, which were issued by the Commanding General of the Reserve Command in Kansas City, Missouri, contained the following provision:

> I voluntarily accept these orders to active duty for special work. In doing so, I understand that I may become eligible for sanctuary zone protection under Title 10, United States Code, Section 12686(A). As a condition to acceptance of these orders, however, pursuant to section 12686(B), I hereby waive the applicability of Section 12686(A) to the period of active duty covered by these orders. I understand that the effect of this waiver is to remove any sanctuary zone protection that might have otherwise applied as a result of the execution of these orders.

AR 24; Compl. ¶ 6.

8. Ms. Brookins voluntarily waived the application of 10 U.S.C. section 12686, the sanctuary zone protection. Id.

9. Thereafter, on May 3, 2000 Ms. Brookins signed a Separation/Travel Pay Certificate which identified her discharge as honorable, and effective date of release from active duty which was May 26, 2000. Ms. Brookins also turned in her green Active Duty military identification card as part of her discharge processing in May 2000. AR 33.

10. Ms. Brookins was voluntarily released from active duty. Id.

11. Ms. Brookins did not make a claim for sanctuary or request retention to active duty pursuant to 10 U.S.C. § 12686 before or at the time of her discharge. See AR 30.

12. On July 17, 2001, Ms. Brookins submitted an application for correction of military records to the Board for Correction of Naval Records ("BCNR"). AR 17-26. In her request Ms. Brookins stated that she "did not consent to leave active duty on 26 May 2000 in accordance with US Code: Title 10, Section 12646." AR 18. She requested that she "be returned to active duty until [she] complete[d] twenty years of active duty service and am eligible to apply for active duty retirement." Id.

13. On September 12, 2002, the Chairman of the BCNR recommended that Ms. Brookins's records be corrected to show that she was not released from active duty on May 26, 2000, "but continued to serve on active duty until the earliest date she qualified for 20 year active duty retirement and was retired in the grade of LTCOL." AR 12. The Chairman, along with two other BCNR members, considered the three advisory opinions recommending against granting Ms. Brookins's request, and concluded that because she "had over 18 years of active duty when she accepted the last period of active duty, and was required to sign a waiver of the sanctuary provision in order to reach that length of service," she should be granted relief in the form of active duty retirement. AR 11-12. The BCNR also questioned the validity of

Ms. Brookins's waiver of the sanctuary provision, and thus her release from active duty. Id.

14. The BCNR's statement that Ms. Brookins had over 18 years of active duty service was incorrect. In fact, according to official Form DD 214, she had 17 years, 11 months, and four days of active duty service as of February 10, 2000. AR 101.

15. On October 23, 2002, the Assistant General Counsel for Manpower and Reserve Affairs, Joseph Lynch, rejected the BCNR's recommendation. Mr. Lynch explained his conclusion to reject the BCNR's recommendation by stating that "[u]nder the particular circumstances of this case, I am not persuaded that petitioner's separation from active duty was involuntary as that term is used in 10 U.S.C. Sec. 12686(a). Accordingly, petitioner's request is denied." AR 4.

16. In a letter to Ms. Brookins dated October 7, 2003, Mr. Cali denied Ms. Brookins's request for reconsideration, and confirmed Mr. Lynch's denial of Ms. Brookins's request. AR 1.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

OF COUNSEL:

ANTHONY C. WILLIAMS
Major, U. S. Marine Corps
Litigation Attorney
Office of the Judge
Advocate General
General Litigation Division
Department of the Navy
Washington Navy Yard,
(Bldg 33)
Washington, DC 20374-5066
Telephone: (202) 685-4596

April 27, 2006

**CERTIFICATE OF FILING**

I hereby certify that on the 27th day of APRIL, 2006, a copy of the foregoing "DEFENDANT'S STATEMENT OF FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore