# In the United States Court of Federal Claims

* * * * * * * * * * * * * * *
**ROBIN C. BROOKINS,** *
*
*
**Plaintiff,** *
**v.** *
* **No. 05-1311C**
**UNITED STATES,** * **Filed: May 2, 2006**
*
**Defendant.** *
*
* * * * * * * * * * * * * * *

## O R D E R

The court held a status conference on May 1, 2006, and established the following briefing schedule. On or before **Friday, May 19, 2006**, plaintiff shall file a combined cross-motion and response to the defendant's April 27, 2006 motion to dismiss or, in the alternative, motion for judgment upon the administrative record. In its May 19, 2006 response, plaintiff shall either stipulate to the administrative record filed by the defendant on April 28, 2006, or shall propose, and attach, additional documents for inclusion in the record. Plaintiff shall indicate whether or not the defendant agrees to inclusion of any additional document. Any agreed to additional documents shall be number stamped with 00102 and following. On or before **Friday, May 19, 2006**, plaintiff shall file a Counter-Statement of Facts in accordance with RCFC 56.1(b)(2). Also on or before **Friday, May 19, 2006**, the parties shall stipulate to the pertinent chronology of this case, including, but not limited to, the dates and length of service time plaintiff had prior to her last active duty tour, the dates and length of service time of that last active duty tour, and the dates and length of service at the conclusion of her last active duty tour, and also shall indicate whether they believe the BCNR was correct or incorrect as to the length of time plaintiff had served prior to her last active duty tour. The parties shall include in their briefing the significance of the BCNR's correct or incorrect view of plaintiff's length of service prior to the last active duty tour.

On or before **Thursday, June 1, 2006**, defendant shall file its combined response to the plaintiff's cross-motion and reply on its motion to dismiss or, in the alternative, motion for judgment upon the administrative record. On or before **Friday, June 2, 2006**, plaintiff shall file a notice with the court indicating whether a one-week opportunity to reply is requested.

Both parties shall identify the location in the record of any waiver signed by the plaintiff, and/or of other indicia of waiver by the plaintiff. The parties shall address the standard waiver requirements in statute and/or regulations, and how the waiver in this case

did or did not conform to what was required. Both parties shall identify the statutory and/or regulatory basis for the rule or policy that reservists will not be permitted to enter the sanctuary zone, and whether any orders issued nevertheless permitting such entry into the sanctuary zone are ultra vires and beyond the authority of agency officials. Both parties shall address how the waiver of sanctuary works, with citation to authority – who requests it, who approves it, who purported to approve the waiver in this case, is approval authority delegable and if so, was approval authority properly delegated in this case.

Furthermore, the plaintiff, in her application to the BCNR, as reflected at AR 18, 52, and 92, indicates that "[i]t was the understanding that when I signed the NAVMC 11060 form, that it was for the settlement of pay only (enclosure 3). It was and is my intention to remain on active duty until eligible for active duty retirement. There was no DD 214 issued for this period of ADSW." An enclosure 3 was found at AR 100, which may or may not have been the referenced enclosure 3, but what the plaintiff was stating about "settlement of pay" only in the above statement is not clear to the court, at this time, and the enclosure 3 at AR 100 does not shed light on it. The parties shall address plaintiff's statement and enclosure. The defendant's Statement of Facts, at paragraph 6, cites e-mails from the plaintiff. Are those e-mails in the record? Does plaintiff concede or deny that she executed the e-mails attributed to her at AR 26? The parties shall address these and any other relevant matters in their briefings.

In their briefings, the parties shall cite to the administrative record by specific page and paragraph numbers. Any military acronyms shall be explained. Any military regulations relied on shall be cited by title and date of regulation, page and paragraph number, and the regulation shall be included in an appendix to the party's submission. Finally, each party shall indicate in their individual filings whether or not oral argument is requested by either, in the absence of the court's need for it, which the court has not yet decided.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**