**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROBIN C. BROOKINS** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 05-1311C** |
| | : | **(Judge Horn)** |
| **THE UNITED STATES OF AMERICA, et al.** | : | |
| **Defendants** | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFF FOR LEAVE TO FILE AMENDED COMPLAINT**

Comes now Plaintiff Robin C. Brookins, by and through undersigned counsel, Glassman & Bullock and Stephen C. Glassman, respectfully submits this Memorandum of Points and Authorities in Support of Motion for Leave to File Amended Complaint. In support thereof, Plaintiff states:

1. Plaintiff a member of the United States Marine Corps since 1976 filed suit against the Defendant, United States ("Defendant"), alleging, *inter alia*, that Defendant violated the sanctuary provisions of 10 U.S.C. 12686(b). In the suit, Plaintiff seeks monetary damages as well as reinstatement (mandamus) and declaratory judgment.

2. Plaintiff alleged that the Court had jurisdiction pursuant to Titles 28 U.S.C.S §1491 and 5 U.S.C.S § 701.

3. On April 27, 2006, Defendant filed a Motion to Dismiss or in the Alternative Motion for Judgment Upon the Administrative Record ("Motion"). In the Motion, Defendant asserted that this Court lacked jurisdiction over the claim because Plaintiff incorrectly cited 5 U.S.C.S. § 701 and failed to allege that the award of monetary damages was proper under the Military Pay Act, 37 U.S.C. 204. See Motion at 8-9. Plaintiff was ordered to respond to the Motion on or before May 19, 2006.

4. Substantially contemporaneous with this Motion, Plaintiff will file a Response to Motion to Dismiss or in the Alternative for Judgment on the Administrative Record and Cross-Motion for Summary Judgment ("Response"). In the Response, it is asserted that this Court has the jurisdiction to address all of Plaintiff's claims.

5. Nonetheless, in order to clarify the record, Plaintiff wishes to amend her Complaint so as to include the Military Pay Act as an additional basis for jurisdiction and to eliminate the reference to 5 U.S.C.S. § 701.

6. The Court has the authority to grant the relief requested. See, Fed. R. Civ. P. 15(a) which states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

7. The United States Supreme Court has interpreted this to mean that in the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should be freely given. See, *Engineered Prods. Co. v. Donaldson Co.*, 147 Fed. Appx. 979 (2005).

8. In the case at bar, there has been no undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments, undue prejudice to the opposing party or futility of amendment. Therefore the relief should be freely given by the Court.

9. The Defendant will not be affected in any respect by the Plaintiff's amendment. The Defendant is aware of the substance of the Plaintiff's claim. Indeed, Defendant has acknowledged in its Motion that the Military Pay Act is the proper statute which affords this Court the power to award complete relief, but there is no allegation that Plaintiff's claim is not viable under that statute. The amendment sought will not affect the Defendant's position in any respect.

10. Plaintiff, however, will be prejudiced should this Court deny her request. Failure to grant the relief requested will create the possibility that her case be dismissed on an inadvertent error. A reading of the Complaint indicates that at all times herein Plaintiff sought to have this Court award her monetary damages. The fact that a money-mandating statute was not specifically cited was inadvertent; however it could be fatal should this Court determine that Plaintiff's Complaint is facially deficient, Plaintiff's belief that the Complaint is adequate notwithstanding. Plaintiff wishes to amend the Complaint so as to avoid dismissal due to this inadvertent error and to clarify the record underlying Plaintiff's claims. Justice dictates that the amendment be allowed in this case.

11. The fact that the relief requested is proper is underscored by precedent in similar cases where the Court has addressed military discharge/pay cases under the Military Pay act even though the Plaintiff has failed to identify the Military Pay Act in the Complaint as a jurisdictional basis for the relief requested. In such cases, the Court, "in the interest of justice" has addressed the Plaintiff's claim notwithstanding the oversight. See, *Driscoll v. United States*, 67 Fed. Cl. 22 (2005). Thus, although the Defendant asserts that such a failure to plead the Military Pay Act is fatal to Plaintiff's case because the Court is without jurisdiction, it is clear that the Court can address the validity of all of

Plaintiff's claims. Since the Court can and has proceeded in the interest of justice to address all claims of Plaintiffs seeking monetary damages even though the specific money-mandating statute was not pled, it is clear that the relief requested herein is in the interest of justice. The Court does not have to address the claim under the Military Pay Act *sua sponte* as it did in *Driscoll*. Therefore, in order to ensure that all of Plaintiff's claims are addressed by the Court, the amendment sought herein is requested. The relief sought will clarify the record without undermining the merits of the case in any respect.

12. A copy of the Amended Complaint is attached hereto as Exhibit 1.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion in its entirety, grant the Plaintiff leave to file an Amended Complaint or in the alternative deem the Amended Complaint attached as Exhibit 1 to be filed as Plaintiff's Amended Complaint and grant any other and further relief as this Court deems just and proper.

Respectfully submitted,

GLASSMAN & BULLOCK

____/s/______________________

Stephen C. Glassman
1950 Old Gallows Rd., Suite 700
Vienna, VA 22182
Telephone: 301-670-9200
Facsimile: 703-902-9501

Counsel for Plaintiff