IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBIN C. BROOKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1311C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S COUNTER-STATEMENT OF FACTS

Pursuant to Rule 56.1(b)(2) of the Rules of this Court, defendant respectfully submits the following counter-statement of facts in response to plaintiff's proposed additional facts.[1]

A. At the time that the Plaintiff was seeking ADSW orders for the period February 2, 2000[2] [sic] to May 26, 2000 she was approaching 18 years of active duty, would be eligible for sanctuary under the provisions of Title 10 U.S.C. 12686 and the Board for Corrections understood this when it rendered its decision of September 12, 2002. AR9.

RESPONSE:

Defendant agrees that Ms. Brookins was approaching 18 years of active duty service when she sought active duty for special work ("ADSW") orders for the period February 2, 2000 to May 26,

[1] Paragraph citations refer to those used by plaintiff in its Proposed Additional Facts.

[2] Defendant assumes Plaintiff meant to say "February 28, 2000."

2000.

Defendant disagrees with the proposed statement of fact that the BCNR understood that Ms. Brookins had not yet entered the sanctuary zone when her last tour of active duty began on February 28, 2000. Indeed, the BCNR's statements in its recommendation that "at the time of her release from active duty on 26 May 2000 she had completed 18 years, 3 months and 21 days of active duty" and "[t]he Board notes that she had over 18 years of active duty when she accepted the last period of active duty . . . ." indicate that the BCNR believed that Ms. Brookins was already within the sanctuary zone on February 28, 2000. AR 10; 11-12.

B. No authority has been delegated by the Secretary of the Navy to Headquarters Marine Corps (HQMC) authorizing HQMC to require a waiver of the sanctuary provisions of 10 U.S.C. § 12686 at times pertinent in this case. Indeed, when the Marine Corps was specifically asked if it had any authority to invoke the waiver provisions of 10 U.S.C. § 12686, it failed to respond. AR 11, 89 and 82.

RESPONSE:

Defendant agrees that no authority has been delegated by the Secretary of the Navy to Headquarters Marine Corps (HQMC) authorizing HQMC to require a waiver of the sanctuary provisions of 10 U.S.C. § 12686.

Defendant disagrees with the second sentence of paragraph B. The cited references to the administrative record do not contain any indication that the Marine Corps failed to respond to a question regarding whether "it had any authority to invoke the waiver provisions of 10 U.S.C. § 12686." See AR 11, 89, and 82.[3]

[3] "AR ____" refers to the administrative record filed by defendant in this case.

C. The issue of whether or not the Plaintiff voluntarily was released from active duty is moot as to this case because HQMC did not have the authority to issue active duty orders with waiver of sanctuary provisions.

RESPONSE:

Defendant disagrees that the issue of the voluntary nature of plaintiff's separation is moot. This is a legal conclusion and not a statement of fact, and the relevance of the voluntariness of her separation is discussed in our briefs filed with the Court.

D. At the time that the Plaintiff received ADSW orders for the period February 2, 2000 to May 26, 2000 she had 6529 active duty points. At the end of her active duty for this period she had 6681 active duty points which translates to 18.56 years of service. AR 18 and 59.

<u>RESPONSE</u>:

Disagree. On February 9, 2000, plaintiff actually had 6535 active duty points. While she had 6681 active duty points on June 6, 2001, which equals 18.3 years, this number also includes points earned while on active duty for training between July 1, 2000 and July 22, 2000. AR 25. The active duty points are divided by 365 to arrive at qualifying years for retirement.

E. Plaintiff's ADSW orders for the period February 28, 2000 to May 26, 2000, once accepted by her, required her to report for active duty as specified in the order and required her to leave active duty on the date she did. AR 22.

<u>RESPONSE</u>:

Agree.

F. There is no regulation or statute which requires a military member who is entitled to the benefits of 10 U.S.C. § 12686 to declare or claim those benefits in order to be entitled to them. AR 73.

RESPONSE:

Disagree. The very wording of 10 U.S.C. § 12686(a) suggests that, because the Secretary may approve an involuntary release from active duty, a member's silence and failure to object establishes the voluntary nature of the release.

G. The Marine Corps knew that if it issued ADSW orders to the Plaintiff, despite the existence of a waiver provision in her orders, that the Marine Corps was risking a contest as to the validity of the waiver in those orders. The Marine Corps assumed the risk because of the compelling need to have the Plaintiff on active duty. AR 64-65.

RESPONSE:

Disagree. The Marine Corps relies upon the integrity of its officers in conducting day to day operations. Because Ms. Brookins asserted numerous times to several senior Marine Corps officers that she was willing to sign the waiver, and had no intention of claiming sanctuary, the Marine Corps assumed no such risk in relying upon plaintiff's assumed integrity.

H. Plaintiff never knew that the waiver of sanctuary provisions of her orders was invalid. Affidavit of COL Brookins attached hereto as Exhibit 1.

<u>RESPONSE</u>:

Disagree. The waiver of sanctuary provision at issue in this case was valid, as we explain in our briefs filed with this Court.

I. As part of the execution of her ADSW orders, and in compliance with those orders, Plaintiff must file and execute a Separation/Travel Pay Certificate. Affidavit of COL Brookins, Exhibit 1.

RESPONSE:

Agree.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

OF COUNSEL:

ANTHONY C. WILLIAMS
Major, U. S. Marine Corps
Litigation Attorney
Office of the Judge
Advocate General
General Litigation Division
Department of the Navy
Washington Navy Yard,
(Bldg 33)
Washington, DC 20374-5066
Telephone: (202) 685-4596

JUNE 1, 2006

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 1st day of JUNE, 2006, a copy of the foregoing "DEFENDANT'S COUNTER-STATEMENT OF FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore