**Case No.: 05-1311C**
**Judge Horn**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ROBIN C. BROOKINS**
**Plaintiff,**

**v.**

**THE UNITED STATES OF AMERICA, et al.**
**Defendants.**

---

# REPLY OF PLAINTIFF TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS MOTION FOR JUDGMENT

---

Respectfully submitted,

GLASSMAN & BULLOCK

Stephen C. Glassman
1950 Old Gallows Rd., Suite 700
Vienna, VA 22182
Telephone: (301) 670-9200
Facsimile: (703) 902-9501

Counsel for Plaintiff

# TABLE OF AUTHORITIES

## Case Authority

*Boyd v. Rockwood Area Sch. Dist.*, 105 Fed. Appx. 382, 385 (3rd Cir. 2004)........................6

*Christie v. United States*, 207 Ct. Cl. 333, 338, 518 F.2d 584, 587 (1975)...........................4

*Covington v. Department of Health & Human Svcs.*, 750 F.2d 937, 942 (Fed. Cir. 1984) ..6

*Hargay v. City of Hallandale*, 57 F.3d 1560, 1570 (11th Cir., 1995) ....................................4, 5

*Roskos v. United States*, 213 Ct. Cl. 34, 549 F.2d 1386 (1977) ..........................................4

*Scharf v. Department of the AirForce*, 710 F.2d 1572 (Fed. Cir. 1983)...............................4, 5, 6

*Stone v. University of Maryland Medical System Corp.*, 855 F.2d 167,174 (4th Cir. 1988) .5

## United States Code

10 U.S.C . § 12686..........................................................................................................2

5 U.S.C. § 5101..............................................................................................................9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Robin C. Brookins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1311C |
| | ) | Judge Horn |
| The Untied States, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**REPLY OF PLAINTIFF TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR JUDGMENT**

Plaintiff, Robin C. Brookins ("Plaintiff") by and through undersigned counsel, Glassman & Bullock and Stephen C. Glassman and submits this Reply to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative, Motion for Judgment upon the Administrative Record ("Motion") and Reply to Defendant's Response to Plaintiff's Cross-Motion for Judgment, and in so doing states:

1. On June 2, 2006, the Defendant filed a Reply to Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative, Motion for Judgment Upon the Administrative Record and Response to Plaintiff's Cross-Motion for Judgment ("Defendant's Reply"). This brief is submitted in response to Defendant's Reply.

2. The Defendant, in large part, repeats arguments it raised in its Motion and does not tread new ground. To the extent that the Defendant repeats arguments made in the Motion, the rebuttal arguments made by Plaintiff in her Response to Motion to Dismiss or in the Alternative for Judgment on the Administrative Record and Cross-Motion for Judgment ("Plaintiff's Response") are incorporated herein as if fully set forth.

3. On page 3 of the Defendant's Reply, Defendant states, without benefit of citation, that the Court lacks jurisdiction because Plaintiff does not allege in the Amended Complaint that the Marine Corps violated the release provision of 10 U.S.C. 12686(a). Defendant is mistaken. In the Amended Complaint, Plaintiff states in paragraph 23:

> Plaintiff is entitled to have this Court declare as illegal and a violation of law the decision of the SECNAV reversing the decision of the BCNR that she had a right as a matter of law to claim sanctuary pursuant to 10 U.S.C. § 12686.

4. It is pellucid from the language of the Amended Complaint, that Plaintiff was challenging the lawfulness of the Defendant's actions with regard to the validity of the waiver in question and whether the failure of the Secretary of the Navy ("SECNAV") failed to delegate to the Commandant of the Marine Corps the authority to seek waivers of sanctuary rendered Plaintiff's separation involuntary and thus in violation of 10 U.S.C. §12686. The obvious implication of the reference to 10 U.S.C. § 12686 reflects the Plaintiff's position that the Defendant violated 10 U.S.C. § 12686(a) as well as subsection (b) of 10 U.S.C. § 12686. Defendant's argument places procedural technicalities over the substantive merits of Plaintiff's claim. This Court has jurisdiction over the matter.

5. Indeed, Defendant asserts the Plaintiff's claim is deficient because it fails to plead under 10 U.S.C. § 12686 (a) while at the same time arguing that 10 U.S.C. §12686(a) does not apply at all. See, Defendant's Reply at 3 and 12. Such a contradictory position demonstrates the Defendant's strategy: deflect the Court from addressing the central issues of this case. Did the Marine Corps have the authority to present the waiver to the Plaintiff and if not, what affect does presentation of the illegal waiver by the Marine

Corps have on the Plaintiff's separation based on the illegal waiver? In the multitude of pages printed in this case, not a single page produced by the Defendant asserts the Commandant of the Marine Corps held the authority to seek waiver of sanctuary. In fact, as identified by Plaintiff in Plaintiff's Reply to Defendant's Reply to Plaintiff's Counter Statement of Fact, it is noted that the Defendant acknowledges SECNAV never delegated to the Commandant of the Marine Corps authority to impose the waiver provision within the Marine Corps orders. At best, the Defendant merely asserts the waiver is valid without offering any evidence in support. The Administrative Record reflects that when asked to produce evidence as to the waiver's validity, to wit, documentation demonstrating the SECNAV delegated the authority to seek waiver to HQMC, no evidence was produced was produced by the Defendant. Nonetheless, Defendant asserts the waiver is valid. The Defendant's position is senseless. As demonstrated herein, the fact that the Marine Corps never had authority from SECNAV to issue the waiver to Plaintiff in the first instance should render all subsequent action null and void.

6. The Defendant's argument focuses on the alleged voluntary nature of the Plaintiff's separation from the Marine Corps. See e.g, Defendant's Reply at 5-6, 8-9, 12-13. By relying on the Plaintiff's actions contemporaneous with the acceptance of the waiver, Defendant seeks to prove that Plaintiff's separation was voluntary. The Defendant's effort's notwithstanding, the focus of this Court must rest on the validity of the waiver itself. The fact that the waiver was illegal and presented without authority from the SECNAV renders all other actions irrelevant. As demonstrated below, the fact that the validity of the waiver was misrepresented and was nonetheless detrimentally

relied on by the Plaintiff converts an allegedly voluntary separation into an involuntary separation and justifies awarding the Plaintiff the relief requested in the Amended Complaint.

7. Defendant cites to three cases to support its position that the Plaintiff voluntarily separated; however, contrary to the Defendant's position, those cases provide additional grist for the Court to conclude that that Plaintiff's discharge was involuntary: *Christie v. United States*, 207 Ct. Cl. 333, 338, 518 F.2d 584, 587 (1975), *Roskos v. United States*, 213 Ct. Cl. 34 **,** 549 F.2d 1386 (1977) and *Scharf v. Department of the Air Force*, 710 F. 2d 1572 (Fed. Cir. 1983). Collectively those cases stand for the principal that a voluntary act by a member of the military is not voluntary if it was produced by governmental conduct which is wrongful. See, *Scharf*, supra. Notwithstanding the clear path for the Court, Defendant erroneously states "The administrative record does not contain any evidence that the Marine Corps misrepresented anything to Ms. Brookins." Defendant's Reply at 5. Defendant ignores the conclusion by the BCNR which specifically stated:

> Upon review and consideration of all of the evidence of [sic] the record, the Board concludes that the Petitioner's request warrants favorable action. The Board notes that she had [sic] over 18 years of active duty when she accepted the last period of active duty, and was required to sign a waiver of the sanctuary provision in order to reach that length of service. Additionally, she requested and was granted further ADSW orders only by agreeing to another waiver. HQMC [Head Quarters Marine Corps] has previously opined that since the authority to require such a waiver has not been delegated to HQMC by SECNAV, the waiver of sanctuary may not be legally enforceable. The Board has essentially agreed with this position in similar cases. Given the previous advisory opinions and actions of the Board, the Board believes that since the waiver was improper, the issue of whether or not her release from active duty was voluntary or involuntary is essentially moot. The Board further believes that this reasoning applies to her

assertion that she would not claim sanctuary in order to obtain the ADSW orders. AR at 11-12.

8. Implicit in the Board's decision is the conclusion that the HQMC misrepresented it held the authority to present a waiver to the Plaintiff when it was presented in the ADSW orders. This position is sound because the Administrative Record is void of information/documentation which supports a conclusion that the HQMC was acting with authority from SECNAV. The Defendant's silence on whether or not the Defendant had authority to seek waiver in the first instance is telling.

9. This Court has definitively concluded "a resignation will be held involuntary if obtained by agency misrepresentation or deception." *Scharf v. Department of Air Force*, 710 F.2d 1572, 1574 (Fed. Cir. 1983). A misrepresentation may be material if it concerns an alternative to resignation, such as the possibility of criminal prosecution or "an alternative to resignation". See, *Hargray v. City of Hallandale*, 57 F.3d 1560, 1570 (11th Cir., 1995) and *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 167 , 174 (4th Cir. 1988). In the case at bar, the misrepresentation was material because in submitting a waiver, the alternative to waiver of sanctuary was never presented to the Plaintiff. She never knew the waiver was invalid until after he left active duty. Such a misrepresentation is sufficient to render the allegedly voluntary actions of the Plaintiff involuntary for purposes of waiver.

10. To determine whether a resignation or retirement is voluntary, a court must examine "the surrounding circumstances to test the ability of the employee to exercise

free choice." *Scharf v. Department of Air Force*, 710 F.2d 1572, 1574 (Fed Cir. 1983). Under *Scharf*, the Plaintiff need only prove that she was misled by the agency's

statements. See, *Boyd v. Rockwood Area Sch. Dist*., 105 Fed. Appx. 382, 385 (3rd Cir., 2004). "The misleading information can be negligently or even innocently provided; if the employee materially relies on the misinformation to his detriment, his retirement is considered involuntary." *Covington v. Department of Health & Human Servs.*, 750 F.2d 937, 942 (Fed. Cir. 1984). In the case at bar, the Plaintiff would have to demonstrate that the misrepresentation was material and that she relied on it. See, *Hargay*, supra. The fact that the Plaintiff relied on the material misrepresentation as to the validity of the waiver is clear: she complied with the orders by leaving active duty.

11. Defendant states "[n]othing in the record indicates that the Marine Corps misrepresented anything to Ms. Brookins. There is no evidence that anyone at the Marine Corps falsely informed Ms. Brookins that it possessed authority from the Secretaty to require a waiver if necessary to do so." Defendant's Response at 10. Defendant misrepresented the facts by failing to disclose to Plaintiff that SECNAV never authorized HQMC to seek waiver. At no time herein did the Commandant of the Marine Corps have any authority to present the Plaintiff with any waiver. Nonetheless, at each instance for active duty, Defendant presented her with a waiver of sanctuary which, it was learned after the fact, was not authorized by the Secretary of the Navy. Notwithstanding this fact and by asserting that no evidence exists on the record to support

a conclusion that the Defendant made any misrepresentations, Defendant ignores the multitude of times the Marine Corps, without authority from the SECNAV presented Plaintiff with waiver language on orders for active duty. The Defendant's claim rings hollow and ignores the facts.

12. The fact that the Marine Corps never had authority from the SECNAV to issue a waiver in the first place renders misplaced Defendant's claim that the actions of the Defendant are not illegal because "the statute does not require Secretarial approval to **request** a waiver; instead it requires Secretarial approval to **require** a waiver." Defendant's Reply at 10 (emphasis in the original). This position is ludicrous and irrelevant. The SECNAV never requested or required that the Plaintiff undertake any action with regard to a waiver. To the contrary and counter to military regulation, the Commandant of the Marine Corps unilaterally requested or required that the Plaintiff waive sanctuary in order to receive active duty orders. The references made by the Defendant to the SECNAV's actions *vis a vis* the waiver presented to Plaintiff are irrelevant because the SECNAV took no action with regard to the waiver until after it was accepted by the Plaintiff. This period of time includes a period of time when SECNAV should have, but failed to, authorize HQMC to issue waivers to members of the Marine Corps. The central issue is whether the Marine Corps' unilateral action to issue waivers in the first place renders execution of the waivers invalid and the Plaintiff's actions involuntary regardless of the circumstances underlying their execution. As the foregoing demonstrates, Plaintiff suggests it does.

13. Defendant's reference to the Marine Corps Reserve Administrative Management Manual ("MCRAMM") on page 10-12 of the Defendant's Reply is a diversion without substance. Whether or not a member of the Marine Corps understood the purpose and policy underlying sanctuary waiver is secondary to the concealed fact that the waiver was invalid and of no legal force. Throughout its pleadings, the Defendant wrongfully presumes the validity of the operative instrument, the waiver. The passage of MCRAMM cited by the Defendant is silent on the validity of the waiver issued and neglects to mention to the member that the SECNAV never issued authority to the Commandant of the Marine Corps to seek waiver in the first instance.

14. For the foregoing reasons, Plaintiff respectfully requests that this Court:

a. Deny the Defendant's Motion to Dismiss or in the Alternative for Judgment Upon the Administrative Record in its entirety;

b. Grant the Plaintiff's Cross-Motion for Judgment in its entirety;

c. Order the Secretary of the Navy return the Plaintiff to active duty with active duty orders which would cause her to remain on active duty for such period as would be necessary for her to become eligible for a twenty year retirement; or alternatively,

d. Order the Secretary of the Navy to correct the records of the Plaintiff to

reflect that she has served on active duty for a period of twenty years such that she is eligible for a twenty year retirement;

e. Order the Secretary of the Navy to pay to the Plaintiff pay and allowances due to her for the period of service she serves or is deemed to have served in order for her to become eligible for a twenty year retirement;

f. Order the United States to reimburse the Plaintiff attorneys fees and costs pursuant to Title 5 USCS § 5101 or such other authority which authorizes such an award in this case; and

g. Grant such other and further relief as to the Court is just.

Respectfully submitted,

GLASSMAN & BULLOCK

___/s/ Stephen C. Glassman_______

Stephen C. Glassman
1950 Old Gallows Rd., Suite 700
Vienna, VA 22182
Telephone: (301) 670-9200
Facsimile: (703) 902-9501

Counsel for the Plaintiff

**Certificate of Electronic Filing**

I hereby certify that on the 9th day of June, 2006, a copy of the foregoing "Reply of Plaintiff to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative Motion for Judgment on the Administrative Record and Defendant's Response to Plaintiff's Cross-Motion for Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that the parties may access this filing through the Court's system.

__/s/ Stephen C. Glassman________
Stephen C. Glassman