IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Robin C. Brookins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1311C |
| | ) | Judge Horn |
| The Untied States, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTER STATEMENT OF FACTS[1]**

A. Defendant takes issue with Plaintiff's assertion that the Board for Correction of Naval Records ("BCNR") understood that Plaintiff was approaching eighteen (18) years of active duty at the time she sought ADSW orders for the period February 2, 2000 to May 26, 2000. The Defendant points to language in the BCNR's Statement of Recommendations appearing at AR10, 11-12. The Defendant ignores the statement appearing on the first page of the review by the Chairman of the BCNR dated September 12, 2002 wherein it is stated in paragraph C as follows:

> Petitioner was serving as officer in charge of a consolidated tax center when her request for further active duty for special work (ADSW) orders, until May 26, 2000 was denied because she was approaching 18 years of active duty and would be eligible to claim sanctuary under the provisions of Title 10 U.S.C § 12686. AR9.

Plaintiff acknowledges an inconsistent statement at page 11, which Defendant points out. This inconsistency should be of no moment in the Court's consideration of this matter. However, this Court should not assume that the statement relied upon by the

---

[1] Paragraphs are lettered in order to correspond with the letters of paragraphs in Plaintiff's Counter Statement of facts and Defendant's Response to that statement of facts.

Defendant is any more accurate than the statement relied upon by the Plaintiff. Indeed, the opposite is most compatible with logic.

B. The Defendant disagrees with the conclusion made by the Plaintiff that the Marine Corps failed to respond to an inquiry as to whether it had authority to invoke the waver provisions of 10 U.S.C. § 12686. The Defendant points to the fact that the administrative record does not contain any indication that the Marine Corps failed to respond to any question regarding its authority. It is the Plaintiff's position that silence on the part of the Marine Corps within the confines of the administrative record is sufficient evidence to indicate that the Marine Corps failed to respond to the specific inquiry regarding its authority.

C. Plaintiff agrees that the assertion regarding the issue of voluntariness of her release from active duty as being moot is a question of law and that that matter has been discussed in the briefing of both parties.

D. The Defendant takes issue with the recitation of the number of points which the Plaintiff claims to have had at various points in time. Whether the Plaintiff's calculation of points at various periods in time is correct or whether the government's calculation is correct is of no moment to the ultimate resolution of this case. However, there does appear to be a conflict between the Plaintiff's position as pointed out in AR 18 and 59 and the government's position.

F. The Defendant disagrees with the Plaintiff's interpretation of 10 U.S.C § 12686. The government seeks to engraft into the language of the statute an obligation on the part of a military member relative to whether or not the circumstances under which the military member may be released from active duty. No such obligation is contained in the plain language of the statute; however the government's objection to Plaintiff's Statement of Fact F should have been not that they disagree with the interpretation of the Plaintiff, but that this is a matter of law to be interpreted by the Court. And so it is.

G. The Defendant disagrees with Plaintiff's Counter-Statement of Fact G and through its disagreement attacks the integrity of the Plaintiff. Phas served well and true for over 18 years as an officer in the United States Marine Corps. In that capacity, the Plaintiff has always respected and abided by those in her command. She always believed that they acted with integrity and authority. It was a surprise to her that they did not do so in applying the sanctuary provisions in her case. The Defendant will not acknowledge its failure. Indeed the document reflected at AR 64-65 is an analysis by Plaintiff's seniors before she was issued orders showing that the need for the Plaintiff to provide service to one hundred forty two thousand (142,000) active duty USMC/USN members and there families outweighed the recognized risk that may result from ordering the Plaintiff to active duty so that she reached tenure under the sanctuary provision of the law. The Marine Corps was seeking waivers of the sanctuary provision when, indeed, it had no authority to do so. The question is do the senior members of the Marine Corps charged with the responsibility of operating the Corps pursuant to statue and regulation create an assumption on the part of the military community and the nation that such

senior members are acting with integrity and pursuant to law? In this case these senior members did not comply with the law.

H. The government argues that the waiver of the sanctuary provision contained in the Plaintiff's orders was valid. It does so at the same time that it admits that the Secretary of the Navy never delegated to the Commandant of the Marine Corps the authority to impose the waiver provision within U.S. Marine Corps orders. Such a position defies logic but Plaintiff refuses to call into question the integrity of those who seek to do so.

Respectfully submitted,

GLASSMAN & BULLOCK

/s/ Stephen C. Glassman
Stephen C. Glassman
1950 Old Gallows Rd., Suite 700
Vienna, VA 22182
Telephone: 703-902-9507
Facsimile: 703-902-9501
Counsel for Plaintiff

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 7th day of June, 2006, a copy of the foregoing Reply to Defendant's Counter Statement of Facts was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that all the parties may access this filing through the Court's system.

/s/ Stephen C. Glassman