# In the United States Court of Federal Claims

| | |
|---|---|
| **ROBIN C. BROOKINS,** Plaintiff, v. **UNITED STATES,** Defendant. | **No. 05-1311C** **Filed: June 20, 2006** |

## O R D E R

The court held oral argument in the above-captioned case on June 19, 2006. It became clear to the court at the oral argument that some of the critical issues were not fully joined in briefings submitted to the court. As discussed with the parties during the conference, on or before **Friday, June 23, 2006**, defendant shall file a short supplemental brief addressing the issues raised in plaintiff's oral argument and, in particular, the argument that Congress has required, in 10 U.S.C. § 12686, that the Secretary of the Navy must be involved in any waiver of sanctuary as a condition for issuance of active duty orders to an individual approaching sanctuary status, that the Secretary was not involved in the waiver in this instance, that the involvement of lower military command levels in the waiver in this case was not the result of a delegation of the Secretary's authority under section 12686 and, therefore, was improper.

Furthermore, although not identified for supplemental briefing during the June 19, 2006 conference, the court adds the following areas for discussion by the parties, first by the defendant, then the plaintiff in response. Defendant shall address in its **June 23, 2006** supplemental brief, with any statutory, regulatory and case authority, whether or not the voluntariness argument which may apply to regular, active duty members exiting the service applies with equal force to a Reservist who has been called to active duty, with the active duty orders expiring, but the member not having retired and remaining subject to further inactive duty for training assignments, as well as, potentially, future active duty orders. Both supplemental briefs also shall address whether plaintiff detrimentally relied on the Marine Corps' representation that it had the authority to participate in a waiver of sanctuary. Also, amplify and provide support for defendant's argument that section 12686(b)'s discussion of Secretarial involvement in a waiver of sanctuary is only activated if the service member refuses to waive sanctuary, requiring the Secretary to then decide whether to require a waiver or not require a waiver for issuance of the active duty orders. Reconcile the Secretary's role in requiring a service member's waiver of sanctuary, described in section 12686(b), with the Marine Corps Commandant's similar role, as described in the Marine Corps Reserve Administrative Management Manual, of deciding

whether or not a waiver will be placed in a Reservist's active duty orders. Address whether section 12686(a) requires the Secretary's approval of an involuntary release of a Reservist in the sanctuary zone prior to the release of the service member from active duty. Also address whether a section 12686(a) release of a Reservist from active duty by the Secretary may occur after a service member would have 20 years of active service, as appears to be the case here, had plaintiff been continued on active duty rather than separating after the conclusion of her Active Duty for Special Work tour. Would a defective waiver of sanctuary, based on the alleged lack of authority in the Marine Corps, have any impact on the issue of whether, nevertheless, plaintiff voluntarily separated (with the voluntary separation thereby rendering this court without jurisdiction)? Furthermore, defendant shall provide support for its assertions during oral argument that the general language of 32 C.F.R. § 700.505 delegates authority from the Secretary of the Navy to the Marine Corps Commandant (or to the subordinant to the Commandant who took action in this case) to require waivers of sanctuary. Defendant also shall identify and include in an appendix any regulations prescribed by the Secretary of the Navy addressing Reservists, pursuant to the language of 10 U.S.C. § 12686(a) ("Under regulations to be prescribed by the Secretary concerned . . . ."). Also, on or before **Friday, June 23, 2006**, defendant shall file an index to the administrative record, shall note within that index any duplication in the administrative record, and shall file a complete copy of the Marine Corps Reserve Administrative Management Manual and 32 C.F.R. § 700.505, with attention to the version of these regulations which were operative and in effect for this case.

On or before **Friday, June 30, 2006**, plaintiff shall file a supplemental brief responding to the above matters and to any other matters raised in the defendant's supplemental brief. Plaintiff's supplemental response shall include citation to and copies of the regulations based upon which the plaintiff argued at the oral argument for the first time that the Air Force and the Army, apparently unlike the Navy and the Marines, have delegated the authority of the Secretary contained in 10 U.S.C. § 12686(b) to lower military command levels, and compare those delegations with the delegation in 32 C.F.R. § 700.505 raised by the defendant for the first time during oral argument. Furthermore, if plaintiff's counsel believes that Colonel Brookins detrimentally relied on the Marine Corps' representation that it had the authority to participate in a waiver of sanctuary, counsel shall describe in detail the nature of that detrimental reliance, and why it renders the plaintiff's separation involuntary.

The parties normally will file the above submissions electronically. For purposes of this order only, if selected documents, such as an extensive military regulation, does not lend itself to electronic filing, the parties may file such documents with the court in hard copy, but shall give notice of the submission of the hard copy in a brief electronic notice filed with the court.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**